UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAREN HYLTON**<br><br>*Plaintiff,*<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>*Defendants.* | Case No. 1:23-cv-03054-JMC<br>Case No. 1:23-cv-03654-JMC |

### RULE 16.3 AND 26 (f) REPORT

Plaintiff Karen Hylton and Defendant District of Columbia (the District), by its undersigned counsel—jointly (the Parties)—submit this Rule 16.3 and 26(f) Report as ordered by the Court. *See* 06/30/2025 Minute Order. On July 14, 2025, the District conferred with Ms. Hylton, who agreed with the provisions below.

### BACKGROUND

On October 15, 2022 Ms. Hylton engaged in a physical altercation with a security guard at a Dollar Store. She was arrested and taken to a police station. Ms. Hylton alleges that, at the police station, she was physically and sexually assaulted. *See* Amended Complaint [27].

This case was originally filed on October 13, 2023, and consolidated with case number 1:23-cv-3654 on December 18, 2023. *See generally* Docket. Ms. Hylton named the District, and Metropolitan Police Officers Brittany Nyamekye, Straneika Proctor, Tierra Caprice Proctor, and Donna Ulrich as defendants. *See* Compl. [1]. The individual police officers have not been served. *See* 06/17/2025 Notice [54]. Certain of Ms. Hylton's filings indicated that Mayor Bowser was a defendant. However the Court clarified that "Mayor Bowser is not a Defendant in this suit." *See* Docket Text accompanying Order denying Motion to Dismiss [44].

1

On February 14, 2025 the Court denied the District's motion to dismiss, ruling that the complaint stated a claim for municipal liability under 42 U.S.C. §1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See* Memorandum Opinion and Order at 2 [44]. Ms. Hylton's complaints and other filings do not state any common law claims. *Id.* at 5.

On June 12, 2025 the District filed a motion seeking the entry of a standard protective order that would govern the handling and disclosure of sensitive and confidential materials, including body-worn camera and other video recordings. Ms. Hylton has indicated that she opposes the entry of such an order but has not filed an opposition brief in this case.[1] This motion remains pending.

Ms. Hylton's allegations regarding her treatment at the police station paint a lurid picture of physical and sexual abuse. Fortunately, the entire incident is captured on video. This video footage shows that the police did nothing more than conduct a routine pat-down search, and did not violate Ms. Hylton's rights. The District intends to file a motion for summary judgment following the Court's ruling on the pending motion for a protective order. *See Hylton v. District of Columbia*, Civil Action No. 21-cv-2673 (JMC), Memorandum Opinion (March 7, 2025) [38] (granting summary judgment because video evidence indisputably showed that Ms. Hylton's rights were not violated in interaction with an MPD Officer who observed her spray-painting a wall).

---

[1]   Ms. Hylton did file opposition papers relating to a similar motion in the *Jones-Bey* litigation. *See Jones-Bey v. District of Columbia*, 1:21-CV-02674 [184]. The Court granted the District's motion for a protective order in *Jones-Bey* on June 4, 2025 over Ms. Hylton's objection. *Id.* at [188].

## THE DISTRICT'S POSITIONS ON DISCOVERY AND RELATED ISSUES

I.      <u>Rule 26 (f)(3) Items:</u>

(A)     <u>Initial disclosures</u>:  The District proposes that both parties should make initial disclosures under Fed. R. Civ. P. 26 (a) by August 15, 2025.

(B)     <u>Scope of discovery</u>:  Ms. Hylton's claim, as recognized by the Court's February 14, 2025 Order, is one for "excessive force" under the Fourth Amendment.  *See* 02/14/2025 Order at 2 [44].  Relevant discovery will therefore cover: Ms. Hylton's arrest, the circumstances around that arrest, Ms. Hylton's medical treatment subsequent to arrest, Ms. Hylton's booking and other interactions with the police on that day, and policies and procedures pertaining to her arrest and booking.

(C)     <u>Discovery issues</u>: The District filed a Motion for Protective Order on June 12, 2025 [53], which remains pending.  The proposed Protective Order would govern the handling and disclosure of confidential information and documents, including body-worn camera (BWC) and/or CCTV footage of Ms. Hylton's booking.  The District respectfully asks that the Court grant the Order.

(D)     <u>Privilege issues</u>:  The District's proposed protective order includes a claw-back agreement for inadvertently produced privileged materials.  While the District maintains that this case contains little to no privileged information, there should nonetheless be procedures for any inadvertent disclosures.

(E)     <u>Other limitations on discovery</u>:  The District believes that discovery should not proceed beyond initial disclosures unless and until the District's anticipated motion for summary judgment is resolved.  If, indeed, written discovery is warranted, the District proposes that each side be allowed (in total and not per defendant) twenty (20) interrogatories, twenty (20)

document requests, fifteen (15) requests for admissions and three (3) depositions. The District also requests that Plaintiff provide 30 days notice of any Rule 30 (b)(6) deposition to allow time for the Parties to reach agreement about the scope of the deposition and for District to identify an appropriate witness or appropriate witnesses.

II.     **Rule 16.3 Items:**

    (A)     Whether the case is likely to be disposed of by dispositive motion: The District believes that the case can be fully resolved by dispositive motion.

    (B)     Joinder of parties/amendment of pleadings: The District does not anticipate any joinder or amendment, but suggests that the Court set a deadline of 30 days from the date of the 16.3 Order for either party to take such action.

    (C)     Assignment to Magistrate Judge: The parties have not both agreed to an assignment to a Magistrate Judge.

    (D)     Settlement: The District does not anticipate offering a settlement in this litigation.

    (E)     ADR: The District does not anticipate offering a settlement in this litigation.

    (F)     Dispositive motion briefing: The District anticipates filing a motion for summary judgment following the Court's resolution of the pending motion for a Protective Order.

    (G)     Initial disclosures: The District proposes that both parties should make initial disclosures under Fed. R. Civ. P. 26 (a) by August 15, 2025.

    (H)     Discovery Schedule: The District believes that discovery should not proceed beyond initial disclosures unless and until the District's anticipated motion for summary judgment is resolved. However, if further discovery is warranted, the District believes it can be completed within 150 days, bifurcated into fact discovery, followed by expert discovery. The District requests ninety (90) days for fact discovery and an additional sixty (60) days for expert

discovery.

 (I) <u>Discovery of ESI</u>: See above at § I (C).

 (J) <u>Privilege claims</u>: See above at § I (D).

 (K) <u>Expert Disclosures</u>: It is not yet clear whether there will be any expert witnesses. The District proposes that Plaintiff's expert disclosures be submitted within 15 days of the start of expert discovery, and the District's expert disclosures be submitted 45 days thereafter. The District proposes that all discovery, including expert discovery, conclude on the same date. The District sees no need to modify the requirements of Federal Rule of Civil Procedure 26(a)(2).

 (L) <u>Class action</u>: This is not a class action.

 (M) <u>Bifurcation</u>: Bifurcation of trial appears unlikely given information known at this time, but the District reserves its right to move for bifurcation if circumstances warrant.

 (N) <u>Pretrial Conference and Trial Date</u>: The District opposes scheduling a pretrial conference or trial at this time.

 (O) <u>Additional Matters</u>

  (1) <u>Failure to Serve Individual Officer Defendants:</u> As indicated on the docket (*see* June 17, 2025 docket entry), Ms. Hylton has failed to serve defendants Metropolitan Police Officers Brittany Nyamekye, Straneika Proctor, Tierra Caprice Proctor, and Donna Ulrich. This case was filed 19 months ago, on October 13, 2023. The individual defendants should be dismissed pursuant to Federal Rules of Procedure 4(m) and 12(b)(5). This would leave the District of Columbia as the sole remaining defendant.

  (2) <u>Accounting of Fees:</u> To the extent Ms. Hylton will seek attorney fees, the District requests that Plaintiff's provide a summary of the fees incurred—if there are any—in this litigation on a quarterly basis.

| | |
|---|---|
| Date: July 14, 2025 | Respectfully submitted, |
| | BRIAN L. SCHWALB<br>Attorney General for the District of Columbia |
| | STEPHANIE E. LITOS<br>Deputy Attorney General<br>Civil Litigation Division |
| | */s/ Jonathan Berman*<br>JONATHAN BERMAN [445169]<br>Section Chief, Section III |
| | */s/ Eli Koppel*<br>ANDREW B. LATHAM [90000707]<br>ELI KOPPEL [90033491]<br>Assistant Attorneys General<br>Civil Litigation Division, Section III<br>400 6th Street NW<br>Washington, D.C. 20001<br>(202) 394-2509; (202) 724-7316<br>andrew.latham@dc.gov; eli.koppel@dc.gov |
| | *Counsel for Defendant District of Columbia* |

## CERTIFICATE OF SERVICE

On July 14, 2025, I sent a copy of this Motion to Ms. Hylton via email. I also asked a staff assistant from my office to serve a copy by first class mail, postage prepaid, to:

Karen Hylton
2641 Naylor Road SE
Apt. 203
Washington, D.C. 20020
tallskyys@gmail.com

*Plaintiff pro se*

　　　　　　　　　　　　　　　*/s/ Eli Koppel*
　　　　　　　　　　　　　　　ELI KOPPEL
　　　　　　　　　　　　　　　Assistant Attorney Genera